IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-020-GMS |
| | ) |
| JUSTICE OF THE PEACE COURT TWO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), an inmate in the New York Department of Corrections housed at the Downstate Correctional Facility, Fishkill, New York, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) At the time he filed the complaint, Bridgeforth was being held at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware for parole violations.[2] He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3, 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Bridgeforth's status as a parolee "causes him to be subject to fundamentally different treatment than that which the Constitution guarantees to a person accused of a crime in the first instance." *Lee v. Pennsylvania Bd. of Prob. and Parole*, 467 F.Supp. 1043, 1046 (E.D. Pa. 1979); *see also In re Whitney*, 421 F.2d 337 (1st Cir. 1970) (position of parolee charged with violating conditions of parole and on conditional release is dissimilar from that of pretrial detainee who is presumed innocent for purposes of the Eighth Amendment); *Canell v. Multnomah Cty.*, 141 F. Supp. 2d 1046, 1052 (D. Or. 2001) ("An inmate serving a sentence of incarceration on a parole violation is not a pretrial detainee.").

## II. BACKGROUND

On December 29, 2010, Bridgeforth appeared for a routine office visit at the New Castle County parole office to meet with the defendants Ann Glynn ("Glynn") and probation officer Bradford Kristy ("Kristy").[3] He was handcuffed and taken into custody. Exhibits submitted by Bridgeforth indicate that an arrest warrant was requested on December 17, 2010 for parole violations. Bridgeforth alleges that Glynn and Kristy denied him the right to appointed counsel. A preliminary hearing was held "via monitor screen" at the Cherry Lane Probation and Parole Office in New Castle, Delaware. Bridgeforth was charged with violating several conditions of his parole and detained as a fugitive from another state. Bridgeforth alleges malicious prosecution by the defendant Justice of the Peace Court Two ("JP Court") due to "out of area jurisdiction and the bail is invalid." (D.I. 1, 5.)

The New Castle County police defendants (named as New Castle County Police Department Chief Officer "NCC Police Department") were contacted, responded, and escorted Bridgeforth to the New Castle County police station. Bridgeforth alleges retaliation by the NCC Police Department when they transported him to an "unsanitary police station." Bridgeforth was taken to the HRYCI without "any finding of guilt." He alleges retaliation because the entire HRYCI facility exposed him to health risks; he is asthmatic and was deprived of needed medical equipment and medication; and he was housed in a cell with no window, dirty conditions, and demanding cellmate. (D.I. 1, 5.)

---

[3]Also named as a defendant is the New Castle County Probation and Parole Office ("NCC Parole Office"). Its correct name is the Northern New Castle County Adult Probation and Parole office for the State of Delaware, Department of Correction, Bureau of Community Corrections. (*See* D.I. 5.)

A second preliminary hearing was held on January 11, 2011, at the HRYCI. The notice, dated January 3, 2011, advised Bridgeforth that at the hearing he could request the assistance of an appointed attorney. Bridgeforth claims conspiracy by the probation defendants and all other defendants because they alleged a fugitive warrant was issued by the State of New York, when on December 29, 2010, the warrant was non-existent. (D.I. 1, 5.)

The court docket indicates that Bridgeforth was transferred to the State of New York in March 2011. According to the New York State Department of Corrections and Community Supervision database, Bridgeforth is currently in custody in New York serving the remainder of his two and one-half year sentence for attempted criminal possession of a weapon in the second degree. His earliest release date is December 29, 2011 and his maximum expiration date is May 8, 2012.

Bridgeforth alleges, generally, cruel and unusual punishment, retaliation, harassment, malicious excessive bond or bail, failure to maintain premises, and intentional infliction of emotional distress. He seeks thirty million dollars and immediate release from incarceration. (D.I. 1.)

### III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible claim for relief."[4] *Id.* at 211. In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

### A. Habeas Corpus

To the extent that Bridgeforth attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, Bridgeforth cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence

---

[4] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

In *Heck,* the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explained that, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005); *see also Wallace v. Kato,* 549 U.S. 384, 392 (2007) (a claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983). The cause of action accrues at the time the imprisonment is invalidated. *Gibson v. Superintendent of N.J. Dep't of Law and Public Safety Div.,* 411 F.3d 427, 435 (3d Cir. 2005); *see also Wallace,* 549 U.S. at 388 (cause of action accrues when plaintiff is able to "file suit and obtain relief.").

Here, Bridgeforth remains incarcerated and there is no indication whatsoever that his conviction or sentence has been reversed or expunged. The claim is frivolous and will dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## B. Eleventh Amendment Immunity

Bridgeforth raises claims against the JP Court, the Parole Office, and the HRYCI. The claims, however, are barred by the State of Delaware's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (not published). The Parole Office, J.P. Court, and the HRYCI, as agencies or divisions of the State are immune from suit. *See Evans v. Division of Prob. & Parole*, Civ. No. 03-869-KAJ, 2004 WL 2009369, at *3 (D. Del. Aug. 25, 2004) (finding that a subdivision of the DOC, the Division of Probation and Parole, is an agency of the State of Delaware for § 1983 purposes); *Evans v. Ford*, Civ. No. No. 03-868-KAJ, 2004 WL 2009362, at *4 (D. Del. Aug. 25, 2004) (dismissing claim against Delaware Department of Correction because it is a state agency and it did not waive Eleventh Amendment immunity); *Brooks-McCollum*, 213 F. App'x at 94 (Delaware State Courts have Eleventh Amendment sovereign immunity from § 1983 claims).

The claims against the J.P. Court, the Parole Office, and the HRYCI have no arguable basis in law or in fact, are frivolous, and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)and § 1915A(b)(1).

## C. Municipal Liability

Bridgeforth names as a defendant the NCC Police Department Chief Officer. Hence, it is not clear if he sues the police department or its chief of police. Nonetheless, the claims fail.

A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom. . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

The complaint does not allege that the NCC Police Department was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the City of Wilmington directly caused harm to Bridgeforth, his § 1983 claim cannot stand. The claim against the NCC Police Department is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

To the extent that Bridgeforth names the chief of police as a defendant, the claim also fails. As is well established, supervisory liability cannot be imposed under § 1983 on a

respondeat superior theory.[5] *See Iqbal*, 129 S.Ct. 1937; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[6] *Iqbal*, 129 S.Ct. at 1949. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

There are no allegations directed toward the chief of police, or that he had any personal involvement in the alleged constitutional violations. Therefore, the court will dismiss as frivolous all claims against the chief of police pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**D. Unlawful Seizure**

Bridgeforth alleges that he was unlawfully seized by Glynn and Kristy. In Delaware,

---

[5]In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See id.* at 1944. The Supreme Court found the allegations facially insufficient. *See Iqbal*, 129 S.Ct. at 1949 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-516 (1888), for the proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

[6]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. See *Bayer v. Monroe County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)

probation officers have the authority to detain probationers and execute searches of their persons or property to the extent granted them by law. *See McAllister v. State*, 807 A.2d 1119, 1125 (Del. 2002). Delaware law provides that probation officers may conduct searches of individuals under probation and parole supervision. 11 Del. C. § 4321(d). Moreover, pursuant to 11 Del. C. § 4334(b), when in the probation officer's judgment, there has been a violation of any condition of probation or suspension of sentence, any probation officer may arrest such probationer without a warrant, or may deputize any other officer with power of arrest to do so by giving that officer a written statement setting forth that the probationer has, in the judgment of the probation officer, violated the conditions of probation or suspended sentence. It is clear from the exhibits provided by Bridgeforth that his numerous violations of his parole conditions were the impetus for his detention by Glynn and Kristy, as well as by the Probation Department. It is also evident from the exhibits submitted by Bridgeforth that he was advised on January 3, 2011, prior to his preliminary hearing, he could request the assistance of appoint counsel. (D.I. 5.)

The unlawful detention claim has no basis in law or fact. Glynn and Kristy were authorized, pursuant to Delaware law, to detain Bridgeforth. Therefore, the court will dismiss as frivolous the claims against Glynn and Kristy, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E. Conspiracy

The complaint alleges that the probation defendants and other defendants conspired to arrest and detain Bridgeforth. To state a conspiracy claim under § 1983, Bridgeforth must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. V. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In

-10-

addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)).

A § 1983 conspiracy claim only arises, however, when there has been an actual deprivation of a right. *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (recognizing that deprivation of a right was a necessary predicate to § 1983 conspiracy liability). *Accord Perano v. Township Of Tilden*, No. 10-2393, 2011 WL 1388381 (3d Cir. Apr. 13, 2011) (slip opinion).

The complaint and exhibits fail to demonstrate that the defendants actually deprived Bridgeforth of any federally protected right or that they acted in concerted with others to deprive Bridgeforth of his rights. Instead, the exhibits indicate that after Bridgeforth violated the conditions of his parole on numerous occasions, individuals within the criminal justice system took the necessary steps to revoke his parole and return him to custody.

Bridgeforth has failed to state a § 1983 conspiracy claim. Therefore, the conspiracy claim will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**F. Retaliation**

Bridgeforth alleges that the New Castle County police officers retaliated against him when they transported him to an "unsanitary police station." He also alleges retaliation by the HRYCI, but it is immune from suit.

Proof of a retaliation claim requires that Bridgeforth demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action.

*Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

The complaint fails to allege the elements required for a retaliation claim. The claim is frivolous and will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### G. Medical Needs

Bridgeforth alleges that he was deprived medication and medical equipment for his asthmatic condition. He does not indicate who deprived him of the medication and equipment or if any individual was aware of his need for the medication and equipment. Nor does he indicate when the deprivation took place or the duration of the deprivation. Finally, Bridgeforth alleges emotional distress rather than an actual physical injury as a result of the alleged denial.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a

substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. Allegations of medical malpractice, however, are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

Even when reading the complaint in the most favorable light to Bridgeforth, he fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. He alleges no injury or that any person was aware of his need for medication and equipment for his asthma.

Accordingly, the medical needs claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF UNITED STATES DISTRICT JUDGE

_____, 2011
Wilmington, Delaware