IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-020-GMS |
| | ) |
| JUSTICE OF THE PEACE COURT TWO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), who appears *pro* se, was an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, at the time he filed his complaint. He has since been released. On August 9, 2011 the court screened Bridgeforth's complaint and dismissed it as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A. (D.I. 20, 21.) Now before the court is Bridgeforth's motion for reconsideration of the dismissal order. (D.I. 27.)

The standard for obtaining relief under Rule 59(e) is difficult for Bridgeforth to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded

on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Bridgeforth seeks reconsideration "due to newly found non-professional conduct and evidence, pertaining to the New Castle County adult probation and parole whom now rejected the plaintiff's 12/29/11 release, transfer back to the State of Delaware." (D.I. 27.) Bridgeforth also asks that service orders be prepared.

In considering Bridgeforth's motion, the court finds that he has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's August 9, 2011 order dismissing the case as frivolous. For the above reasons, the court will deny the motion for reconsideration.

NOW THEREFORE, at Wilmington this 28th day of March, 2012, IT IS HEREBY ORDERED that the motion for reconsideration is **denied**. (D.I. 27.)

CHIEF, UNITED STATES DISTRICT JUDGE